**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:26-cv-80171-CANNON/MCCABE

JARRETT ROKER, on behalf of himself
and others similarly situated,

                    Plaintiff,

    v.

JUPITER MEDICAL CENTER, INC.,

          Defendant.

## MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI AND TO STAY PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1404(a), Defendant Jupiter Medical Center, Inc. ("Jupiter") hereby moves to transfer this case to the United States District Court for the Western District of Missouri where 42 other substantially similar putative class actions have been consolidated related to the same data security incident. Jupiter further requests that the Court stay all case deadlines, including the deadline to respond to the Complaint, pending the Court's decision on transfer.

### BACKGROUND

On January 23, 2026, Plaintiff filed a Class Action Complaint (ECF No. 1-1) against Jupiter asserting claims for negligence, negligence per se, breach of implied contract, invasion of privacy, and unjust enrichment in connection with a data security incident. The Incident involved unauthorized access to patient data hosted by Cerner Corporation—an electronic-health-record vendor—on behalf of its clients, including Jupiter.

Following notice of the Incident, numerous plaintiffs filed putative class action complaints in multiple jurisdictions seeking to represent nationwide classes of all persons impacted by the Incident and raising identical claims against Cerner Corporation and/or its clients. To date, 42 actions bringing claims regarding the Incident have already been consolidated in the Western District of Missouri before Judge Beth Phillips. S*ee In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP.

In the interest of judicial economy, Jupiter respectfully requests that the Court stay all case deadlines, including the deadline to respond to the Complaint, while the Court determines whether this case should be transferred. If this case is not transferred to the United States District Court for the Western District of Missouri for consolidated proceedings with the Incident-related cases, Jupiter requests that the deadline to respond to Plaintiff's Complaint be extended until 30 days following the Court's determination of the motion to transfer.

**LAW AND ARGUMENT**

    **a. This Case Should Be Transferred for the Convenience of the Parties and Witnesses and in the Interests of Justice.**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses [and] in the interest of justice," a district court is authorized to transfer "any civil action to any other district or division where it might have been brought." The decision to transfer an action pursuant to 28 U.S.C. § 1404(a) "is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." *Patent Holder LLC v. Lone Wolf Distrib., Inc.*, 2017 WL 5032989, at *3 (S.D. Fla. Nov. 1, 2017) (citing *Pinson v. Rumsfeld*, 192 Fed. App'x 811, 817 (11th Cir. 2006)).

2

"To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a). First, courts determine whether the action could have been brought in the venue in which transfer is sought. Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." *Bernsley v. Advance Grp.*, 2022 WL 2915741, at *6 (S.D. Fla. July 24, 2022). The answer to both is yes.

First, the Incident at issue in Plaintiff's Complaint involved unauthorized access to Jupiter's patient data that was being hosted by Cerner Corporation. Cerner Corporation is headquartered in Missouri and actions brought by Florida residents against Cerner Corporation and its clients in connection with the Incident are pending in the United States District Court for the Western District of Missouri.

Second, transfer will serve the interests of both justice and convenience because there are already 42 actions related to the Incident that share common questions of fact and law with Plaintiff's case that have already been consolidated for pretrial purposes in the United States District Court for the Western District of Missouri. *See Morris v. Charles Schwab Corp.*, 2024 WL 5125516, at *2 (M.D. Fla. Dec. 16, 2024) ("[T]ransfer is in the interests of convenience and justice. The Schwab Litigation already represents the consolidation of several related cases, combined to promote judicial economy and conserve both the court's and the parties' resources. If the Court did not transfer this case, it could result in conflicting rulings on critical issues."); *Commotion Investments, LLC v. Mitchell Co., Inc.*, 2007 WL 9734956, at *1 (N.D. Fla. Oct. 29, 2007) (transferring action to Southern District of Alabama where related actions were already consolidated—"The litigation in those other cases is underway and it would be the most efficient use of judicial resources to have the cases handled in the same court."); *Coring Co. v. Apple Inc.*, 2022 WL 22762009, at *3 (S.D. Fla. Feb. 18, 2022)

(transfer of action to the Northern District of California furthered the interests of convenience and justice in part because cases involving similar parties and claims were already brought there).

### b. The Court Should Use Its Discretion To Stay All Deadlines Pending A Decision On Transfer.

Jupiter also moves to stay all case deadlines, including the deadline to respond to Plaintiff's Complaint, until the Court rules on Jupiter's motion to transfer venue. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Valdes v. Accounts Receivable Resources, Inc.*, 2020 WL 13444021, at *1 (S.D. Fla. Jan. 7, 2020) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Here, a stay of this action pending a decision on transfer will not prejudice any party. Plaintiff's action was just removed to this Court two weeks ago—thus, no discovery has been taken, an initial scheduling conference has not been held, and there is no trial date set.

Moreover, a stay will promote judicial efficiency and conserve the parties' resources because the Court may ultimately transfer this case to the Western District of Missouri where it will likely be consolidated with the other Missouri actions related to the Incident. If transferred and consolidated, any pre-transfer motion practice or other case management efforts made in this Court would likely be rendered moot. Moreover, any motion practice or other case management efforts in this action risks getting ahead of the earlier-filed, already-consolidated Missouri actions and frustrating the efforts of Judge Phillips and the parties to move forward with an orderly consolidation process.

4

## CONCLUSION

For the foregoing reasons, Jupiter respectfully requests that this Court transfer this action to the United States District Court for the Western District of Missouri. Jupiter also respectfully requests that the Court stay all case deadlines pending its decision on the motion to transfer. If the Court denies this motion, Jupiter respectfully requests that the Court extend Jupiter's current deadline to respond to the Complaint to 30 days from the date of the Court's order.

## **LOCAL RULE 7.1(a)(2) CONFERENCE CERTIFICATE**

Pursuant to Local Rule 7.1(a)(2), counsel for Jupiter conferred with Plaintiff's counsel and Plaintiff's counsel has advised that they oppose transfer of this action to the Western District of Missouri.

Dated: March 5, 2026    Respectfully submitted,

By: */s/ Julie Singer Brady*
   Julie Singer Brady (389315)
   BAKER & HOSTETLER LLP
   200 South Orange Ave., Ste. 2300
   Orlando, FL 32801
   Tel: 407.649.4000
   Fax: 407.841.0168
   jsingerbrady@bakerlaw.com

   *Counsel for Jupiter Medical Center, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I caused a true and correct copy of the foregoing **Motion to Transfer Venue to the United States District Court for the Western District of Missouri and to Stay Proceedings and Incorporated Memorandum of Law** to be electronically filed with the Court using CM/ECF which will send an electronic notice of filing to all counsel of record.

/s/ Julie Singer Brady
*Attorney for Defendant*

6