**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No: 9:26-cv-80171-AMC

| | |
|---|---|
| JARRETT ROKER, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JUPITER MEDICAL CENTER, INC., | ) ) |
| Defendant. | ) |

**<u>PLAINTIFF'S MOTION FOR REMAND TO STATE COURT</u>**

1

## INTRODUCTION

Plaintiff Jarrett Roker entrusted Jupiter Medical Center, Inc. with his most sensitive information: his medical history, diagnoses, treatment records, and financial data. Jupiter then outsourced the security of that information to a third-party vendor, Cerner Corporation. In January 2025, cybercriminals breached Cerner's system, exposing the private health and financial information of Mr. Roker and thousands of other patients.

Mr. Roker sued Jupiter in Florida state court under Florida law, on behalf of a class limited to Jupiter's Florida patients. Jupiter is a Florida citizen. Mr. Roker is a Florida citizen. And every member of the proposed class is a Florida resident. This is, on its face, a Florida case between Florida parties. Jupiter removed it anyway under the Class Action Fairness Act.

Jupiter's removal fails because it has not proved a jurisdictional fact CAFA requires: minimal diversity. To establish minimal diversity, Jupiter had to show that at least one putative class member is a citizen of a State different from Jupiter. 28 U.S.C. § 1332(d)(2)(A). That required evidence that at least one class member was domiciled outside Florida and intended to remain there. Jupiter offered none. It identified no class member, no non-Florida domicile, and no facts showing any intent to remain outside Florida. Instead, it offered a single conclusory assertion—that the breach "impacted citizens of states other than Florida." ECF No. 1, Notice of Removal ¶ 14. But conclusions, guesses, and speculation do not establish federal jurisdiction. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1157–58 (11th Cir. 2021); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

Unable to prove minimal diversity from the record, Jupiter pivots to a fallback theory: that this Court should look past the complaint and infer minimal diversity from separate Cerner litigation pending in Missouri. *See generally* Notice of Removal ¶¶ 10–23. That maneuver fails on its own terms. Jupiter is not a defendant there. The plaintiffs there are not parties here. And although Jupiter described that litigation as an MDL, it is certainly not an MDL and its own counsel admitted it is not, precluding application of its cited cases here. Nothing in the Cerner litigation establishes the citizenship of any member of the class Mr. Roker pleaded in this action.

Mr. Roker defined his class by Jupiter's own patient population, in the state where Jupiter operates, on claims arising from Jupiter's own vendor-oversight failures. That definition fits the defendant, the forum, and the claims. Jupiter cannot manufacture federal jurisdiction by pointing to litigation it did not file, involving a defendant it is not, and a class that is not before this Court.

Because Jupiter never proved minimal diversity, removal was improper. This case should be remanded to the Florida court where Mr. Roker filed it.

## BACKGROUND

In January 2025, cybercriminals accessed sensitive patient data stored on systems maintained by Jupiter's third-party vendor, Cerner Corporation d/b/a Oracle Health. *See* ECF No. 1-1, Complaint at ¶¶ 2, 4. Mr. Roker is a former patient of Jupiter whose sensitive data was compromised during the incident. *Id.* ¶ 19. Both Mr. Roker and Jupiter are citizens of Florida. *Id.* ¶¶ 18, 31; Notice of Removal at ¶ 12.

On January 23, 2026, Mr. Roker filed this class action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Notice of Removal at ¶ 1. Mr. Roker brings common law claims solely against Jupiter for its failure to adequately vet, oversee, and ensure the data security practices of its vendor. *See generally* Complaint at ¶¶ 150-208. Mr. Roker brings no federal claims. *See generally id.*

Mr. Roker's proposed class consists of "All present and former patients of Defendant who reside in Florida and whose Private Information may have been compromised in the Data Breach, including all persons who received a Notice Letter from Defendant." *Id.* ¶ 139.

Jupiter removed this action on February 20, 2026, invoking CAFA jurisdiction under 28 U.S.C. § 1332(d). Notice of Removal at ¶ 5. Jupiter Medical concedes that both it and Mr. Roker are Florida citizens (*id* ¶¶ 12–13), and that the proposed class is defined as Florida residents, (*id*).

## MEMORANDUM OF LAW

**I.    The removing party's burden to satisfy minimal diversity under CAFA.**

CAFA grants federal jurisdiction where the amount in controversy exceeds five million dollars and at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, the amount in controversy is not disputed. Minimal diversity is.

The removing party must prove minimal diversity by a preponderance of the evidence. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014); *Evans v.*

*Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). And when, as here, minimal diversity is contested, district courts must independently examine the evidence and cannot simply accept the removing party's characterization. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The Eleventh Circuit has cautioned that district courts must vigilantly enforce diversity jurisdiction requirements. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017).

## II.   This Court lacks jurisdiction because Jupiter did not prove minimal diversity exists.

Citizenship for minimal diversity means domicile, a person's "true, fixed, and permanent home" where they intend to return. *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). That requires two things: "residency in a state and intent to remain in that state." *Smith*, 991 F.3d at 1149. Residency "alone is not enough." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

Under Eleventh Circuit law, citizenship cannot be established through generalized assumptions, speculation, guesswork, or residence-based inferences untethered to evidence of an actual class member's domicile. *See Smith*, 991 F.3d at 1157–58; *see also Lowery*, 483 F.3d at 1215. Instead, there must be "specific facts in evidence from which the district court may make findings regarding class members' citizenship…." *Smith*, 991 F.3d at 1157–58.

On removal, Jupiter needed—but made no effort—to show that at least one class member resided outside of Florida with intent to remain there. Instead, Jupiter generally alleges that the data incident "impacted citizens of states other than Florida." Notice of Removal at ¶ 14. But critically, it identifies no specific class

5

member with a domicile outside of Florida and provides no evidence showing intent to remain there. That's insufficient to satisfy the burden of proving minimal diversity. *See Smith,* 991 F.3d at 1158; *see also Lowery,* 483 F.3d at 1215*; Travaglio,* 735 F.3d at 1269.

District courts throughout Florida have no trouble finding such allegations insufficient. Consider *Kenney v. Jacksonville Spine Center, P.A.*, where the Magistrate Judge recommended remand. There, the removing defendant in a nearly identical data breach case hired a private investigator, identified specific patients, and assembled a multi-factor record directed to prove domicile. *Kenney,* 2023 WL 2930937, at *7. While the defendant's evidence suggested the patients resided in states different from the defendant, the evidence showed no intent to remain. *Kenney,* 2023 WL 2930937, at *8. Because the evidence only allowed the Magistrate to "speculate" about their citizenship, the Magistrate recommended remand. *Kenney,* 2023 WL 2930937, at *8.

Unlike the defendant in *Kenney*, Jupiter did not even try to marshal evidence directed to domicile. Jupiter did not hire an investigator. It did not identify a patient. It did not produce a homestead exemption, a voter registration, a motor vehicle record, a tax filing, or a sworn statement of intent. The defendant in *Kenney* built the most thorough record the facts allowed. And it still lost. Jupiter submitted nothing at all.

Courts in this District have reached the same result where a party claims minimal diversity in conclusory terms without supporting facts in evidence. *See*

6

*Buzzard v. La Playa Properties Group, Inc.*, 24-23823-CIV, 2025 WL 1865509, at *1 (S.D. Fla. Mar. 5, 2025) (rejecting bare allegation that at least one class member was a citizen of another state); *see also Calmes v. Boca W. Country Club, Inc.*, 9:17-CV-80574, 2017 WL 4621112, at *2 (S.D. Fla. Oct. 16, 2017) (bare jurisdictional allegation, without supporting facts, is insufficient).

What's more, Mr. Roker defined the class by Florida residency, not Florida citizenship. A residency-defined class contains no facial suggestion that any member is domiciled in or outside Florida. When the facts are in "equipoise," courts cannot guess or speculate on the existence of citizenship, the removing party must instead provide evidence of residency and intent to remain. *Kenney*, 2023 WL 2930937, at *8. Jupiter did neither.

Nor can Jupiter salvage removal by seeking jurisdictional discovery now. Jurisdiction had to exist when Jupiter removed. A request for discovery to locate a diverse class member would only underscore the problem: Jupiter removed first and is looking for evidence later. That is the opposite of what removal law requires. *Lowery*, 483 F.3d at 1216–18.

Federal jurisdiction does not exist on this record. "The proper course is remand." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1218 (11th Cir. 2007).

**III.    Jupiter cannot cure its failure to satisfy minimal diversity by invoking a separate litigation against a separate defendant.**

Jupiter cannot seriously dispute that its Notice of Removal provides no evidence of minimal diversity. Instead, Jupiter asks the Court to disregard Mr. Roker's class definition and infer minimal diversity from the separate Cerner-related

litigation pending in Missouri. This is a theory it dresses up as anti-manipulation. It fails on three independent grounds.

### A. A separate lawsuit against a separate defendant cannot supply jurisdictional proof here.

Jupiter has not identified a single member of the class pleaded in this action who is a citizen of a state different from Florida. That is the only fact that matters. CAFA requires minimal diversity between a plaintiff class member *in this action* and a defendant *in this action*. *See* 28 U.S.C. § 1332(d)(2)(A). The burden cannot be satisfied by pointing elsewhere.

Jupiter is not a defendant in the Cerner litigation. No class has been certified there. The plaintiffs there are not parties here. And the filings from that action, whatever they allege, are subject to judicial notice only for the fact that they were filed, not for the truth of any citizenship or class-membership assertion within them. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (concluding that a court may notice another court's records "only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation"); Fed. R. Evid. 201.

The Sixth Circuit disagreed with a similar move in *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953 (6th Cir. 2017). Mars argued that because Royal Canin, its sister company and the entity Mars claimed plaintiff should have sued, was diverse from plaintiff, CAFA's diversity requirement would be satisfied. *Roberts*, 874 F.3d at 958. The Court declined to agree. Jurisdiction is assessed against the parties actually before the court. What a different defendant in a different lawsuit would produce is

irrelevant here. *See Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019) ("negative citizenship"— asserting that *some* class member is *probably* diverse—does not carry the burden; the removing party must name a specific class member with a particular state of citizenship).

Jurisdiction cannot "be divined by looking to the stars." *Lowery*, 483 F.3d at 1215. Jupiter has offered nothing more than a conclusory assertion dressed in a citation, which is exactly what the Eleventh Circuit has repeatedly condemned, and exactly the opposite of what the Eleventh Circuit demands: concrete, particularized facts about a specific class member's citizenship. *See Smith*, 991 F.3d 1145; *see also Lowery*, 483 F.3d at 1215.

### B. Mr. Roker's Florida-patient class is a substantive limitation, not a manipulation device.

Jupiter's anti-manipulation theory is that this Court may pierce the complaint to find jurisdiction from the Cerner-litigation because Mr. Roker's Florida-patient definition was engineered solely to destroy federal jurisdiction. The argument fails at the threshold, fails on the facts, and fails on the law.

Start with the threshold. Jupiter claims in the Notice of Removal that the Cerner Litigation is an "MDL in the Western District of Missouri . . . ." ECF No. 1, Notice of Removal at ¶ 22. But when Mr. Roker's counsel pressed on this fact, Jupiter's own counsel conceded the Cerner litigation is not an MDL. *See* Email dated February 25, 2026 between Mr. Roker's counsel and Jupiter's counsel, attached hereto as Exhibit A (confirming that the Cerner litigation "is not an MDL.").

9

In contrast, every case Jupiter cites for its anti-manipulation theory arose in the MDL context—cases where plaintiffs carved claims out of the MDL proceeding to re-file in state court with a narrower class definition. *See generally In re Kitec Plumbing Sys. Products Liab. Litig.*, 09-MD-2098-F, 2010 WL 11618052, at *2 (N.D. Tex. Aug. 23, 2010) (separate class action filed while MDL pending); *Simon v. Marriott Int'l, Inc.*, PWG-19-1792, 2019 WL 4573415, at *2 (D. Md. Sept. 20, 2019) (separately filed class action subject to Marriot MDL); *Sanders v. Kia Am. Inc.*, 8:23-CV-00486-JVS(KESX), 2023 WL 3974966, at *1 (C.D. Cal. June 13, 2023) (same). Not only are these cases non-binding, but the MDL predicate is absent here. Thus, the cases do not apply.

The facts further confirm these cases have no value here. *Simon* involved plaintiffs who filed in state court the day after voluntarily dismissing a case transferred into a federal MDL, pleading a class of stateless individuals domiciled abroad with no coherent purpose except to defeat diversity. *Simon*, 2019 WL 4573415, at *2. *Kitec* involved plaintiffs who carved themselves out of a Washington class already in the MDL to plead under the amount-in-controversy floor. *In re Kitec Plumbing System Products Liability Litigation*, 2010 WL 11618052, at *2. *Sanders* involved the same counsel who had filed claims already consolidated into a federal MDL filing a state-court copycat action. *Sanders*, 2023 WL 3974966, at *1. In each case, the manipulation was transparent: the class definition had no function other than forum avoidance. None of that manipulation exists here.

Two decisions have also rejected precisely what Jupiter argues here. In *Achane v. Tolbert*, 1:22-CV-00394, 2023 WL 11772628, at *5 (E.D. Tex. Aug. 25, 2023), the court refused to apply *Simon* and *Kitec*, holding that those decisions rest on "CAFA's legislative purpose and policy justifications rather than CAFA's clear statutory requirements." *Achane*, 2023 WL 11772628, at *5. In *Sewell v. Anna Jaques Hosp.*, 1:25-CV-10992-IT, 2025 WL 1884303 (D. Mass. July 8, 2025), a hospital data breach remand decided last year, the defendant made the identical argument Jupiter makes here: that the plaintiff's Massachusetts-citizen class was subsumed by a nationwide consolidated action. Citing *Achane* and *Karr v. Kansas City Life Ins. Co.*, 19-00882-CV-W-BP, 2020 WL 14034907 (W.D. Mo. Feb. 7, 2020), it held that the *Simon* line lacks textual support in CAFA and that where no nationwide class has been certified in the consolidated action, departure from CAFA's text is unwarranted.

And finally, the law is equally clear. The Eleventh Circuit has long held that "plaintiffs are the master of the complaint and are free to avoid federal jurisdiction by structuring their case to fall short of a requirement of federal jurisdiction." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal quotations and citations omitted) (quoting *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)). Nothing about Mr. Roker's choice to sue Jupiter (one defendant) for its own vendor oversight failures, on behalf of Jupiter's Florida patients, in the state where Jupiter operates and where the harm occurred suggests manipulation.

### C. Jupiter's policy argument fails on CAFA's text.

Jupiter's final move is to invoke CAFA's "primary objective" of ensuring federal consideration of interstate cases of national importance. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). That is a policy argument, not a statutory one.

*Standard Fire* addressed a named plaintiff who, after filing, executed a stipulation purporting to cap aggregate class damages below CAFA's five-million-dollar threshold. The Supreme Court held the stipulation ineffective: a named plaintiff cannot unilaterally bind absent class members to a damages ceiling they never agreed to. 568 U.S. at 593–94. That is a rule about post-filing procedural maneuvers that do not actually limit the claim because the absent class members retain the right to seek full damages regardless of what the named plaintiff signs.

This case presents no such problem. Mr. Roker's class definition does not cap anything. It defines who the plaintiffs are. It does so in the complaint, before removal, through the mechanism the rules provide for exactly that purpose. A class definition is not a stipulation. It does not circumvent a broader underlying claim — it *is* the claim. The absent class members here have no suppressed right to seek more, because there is no broader class. They are Florida patients of Jupiter. That is the case.

Jupiter asks this Court to read *Standard Fire* as authorization to disregard Mr. Roker's class definition and substitute a broader one drawn from a different lawsuit against a different defendant. *Standard Fire* says no such thing.

The statute means what it says. CAFA's text requires minimal diversity between these parties, as pleaded, as of the date of removal. 28 U.S.C. § 1332(d)(2)(A). Policy preferences cannot supply what the record lacks—proof of minimal diversity.

## CONCLUSION

Jupiter never proved minimal diversity. It identified no class member, no non-Florida domicile, and no intent to remain elsewhere. And its fallback theory fares no better, asking this Court to supply jurisdiction from a different lawsuit, a different defendant, and a class that does not exist here. The proper course is remand.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve by agreement the issues raised in this motion and has been unable to do so.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiff requests a hearing on the merits of this motion. A hearing is desired and would be helpful to the Court because of the importance of the jurisdictional issues in the motion. The time required for argument is estimated to be approximately (1) hours.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470

13

Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

J. Matthew Stephens
Florida Bar No. 0688649
METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Email: mstephens@mtattorneys.com

Attorneys for Plaintiff and the
Putative Class

I HEREBY CERTIFY that on March 17, 2026, I electronically filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Darren R. Newhart
Darren R. Newhart, Esq.

## SERVICE LIST

All counsel of record.