**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:26-cv-80171-CANNON/MCCABE

JARRETT ROKER, on behalf of himself and
others similarly situated,

                Plaintiff,

    v.

JUPITER MEDICAL CENTER, INC.,

                Defendant.

**PLAINTIFF'S OPPOSED MOTION TO STAY RULING ON**
**DEFENDANT'S MOTION TO TRANSFER VENUE**
**PENDING RESOLUTION OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff Jarrett Roker ("Plaintiff"), by and through undersigned counsel, moves this Court to stay ruling on Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 7) ("Motion to Transfer") pending the Court's resolution of Plaintiff's Motion to Remand (ECF No. 11) ("Motion to Remand"), and in support thereof states:

**INTRODUCTION**

The threshold question here is not where this case should proceed within the federal system. It is whether this case belongs in federal court at all. That question has been raised in Plaintiff's Motion to Remand (ECF No. 11), filed on March 17, 2026. A court without subject-matter jurisdiction cannot transfer a case under 28 U.S.C. § 1404(a); it can only remand. *See Cepeda v. Redman*, No. 10-23392-CIV, 2011 WL 221637, at *1 (S.D. Fla. Jan. 21, 2011) ("If the Court lacks jurisdiction, it lacks power to transfer the case . . . ."). Defendant opposes this Motion, taking the position that its Motion to Transfer should be decided *before* the Plaintiff's Motion to Remand. That position gets the law backwards. To decide venue transfer before resolving subject-matter

jurisdiction would require the Court and the parties to expend substantial resources on a motion that, if remand is granted, is void from the start. That result would be a waste of judicial resources that courts in this district and elsewhere have refused to countenance.

## BACKGROUND

1.      This action arises from a data breach affecting Defendant's patients and was originally filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2.      On February 19, 2026, Defendant removed this action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), asserting that this Court has subject-matter jurisdiction based on CAFA's minimal diversity requirement. *See* ECF No. 1.

3.      On March 5, 2026, Defendant filed its Motion to Transfer Venue seeking to transfer this action to a different federal district under 28 U.S.C. § 1404(a). *See* ECF No. 7.

4.      Plaintiff's deadline to respond or oppose the Motion to Transfer is March 19, 2026, the date of this filing. *See* ECF No. 8.

5.      On March 17, 2026, Plaintiff filed a Motion to Remand, challenging this Court's subject-matter jurisdiction over this action under CAFA. *See* ECF No. 11. Plaintiff contends that Defendant failed to adequately establish the minimal diversity requirement under the Eleventh Circuit's controlling framework.

6.      Plaintiff now moves this Court, pursuant to its inherent authority to manage its docket and pursuant to 28 U.S.C. § 1447(c), to stay its ruling on the Motion to Transfer until the threshold question of subject-matter jurisdiction is resolved.

## MEMORANDUM OF LAW

I.   **THE COURT LACKS POWER TO TRANSFER A CASE UNDER 28 U.S.C. § 1404(A) ABSENT SUBJECT MATTER JURISDICTION.**

Section 1404(a) grants a district court power to transfer "any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). That grant of authority belongs to "the district court," and a court that lacks subject-matter jurisdiction over the case before it is not a court with authority to act. Courts have uniformly recognized this limitation: ". . . a court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a)." *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co.*, 417 F.3d 953, 957 (8th Cir. 2005); *see also Regenicin, Inc. v. Lonza Walkersville, Inc.*, No. 1:13-cv-3596-TCB, 2014 WL 11930591, at *2 (N.D. Ga. May 1, 2014) (recognizing that a transferor court must have subject matter jurisdiction in order to transfer under § 1404(a) and stating in footnote 3 that "A court lacking subject matter jurisdiction may transfer a case in the interest of justice under 28 U.S.C. § 1631, but not under § 1404(a)."); *accord Durham v. LG Chem, Ltd.*, No. 1:20-cv-02737-SDG, 2021 WL 1573899, at *4–5 (N.D. Ga. Apr. 22, 2021) (holding that whether the transferee court can exercise jurisdiction is a "threshold issue in any transfer analysis" and denying transfer for failure to establish it).

This Court has applied that principle directly. In *Cepeda v. Redman*, a district court in the Southern District of Florida confronted a pending motion to transfer venue under § 1404(a) alongside unresolved jurisdictional motions. It held that "[t]he Motions to Dismiss raise a number of jurisdictional issues that must be addressed prior to ruling on Plaintiffs' Motion to Transfer Venue" and that "[i]f the Court lacks jurisdiction, it lacks power to transfer the case." 2011 WL 221637, at *1 (S.D. Fla. Jan. 21, 2011). The court accordingly denied the motion to transfer without prejudice pending resolution of jurisdiction. *See id.* The same result is compelled here.

3

The reason is that section 1404(a) is an affirmative exercise of the district court's power over the litigation. It allows the court to act upon the case by directing its future course within the federal system. When Congress codified this authority, it necessarily assumed that the court exercising it has lawful authority over the case in the first place. *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) (". . . s 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege [in the transferor court]."). If this Court lacks CAFA jurisdiction, it has one available course of action: remand to state court under 28 U.S.C. § 1447(c). Transfer under § 1404(a) is not available to it.

This point also disposes of any suggestion that Defendant's anticipated preferred outcome (transfer rather than remand) is even legally available if the remand motion is meritorious. It is not. A court lacking subject-matter jurisdiction may transfer in the interest of justice under 28 U.S.C. § 1631, but that statute authorizes transfer only to another court where jurisdiction "could have been brought" under a completely different standard than § 1404(a), and one that has no bearing here, where Plaintiff seeks state court remand, not federal court transfer. The only jurisdictionally correct response to a successful CAFA challenge is remand. Thus, ruling on where to transfer the case before resolving whether the case can be transferred at all would be incorrect.

## II.   JUDICIAL ECONOMY AND THE POLICY OF 28 U.S.C. § 1447(C) INDEPENDENTLY REQUIRE THAT REMAND BE RESOLVED FIRST.

Even if this Court concluded it had discretion to resolve the Motion to Transfer before deciding if it has subject matter jurisdiction over the case, sound principles of judicial economy and the federal removal statute compel the remand-first approach.

Courts possess inherent authority to stay proceedings to manage their dockets efficiently and to avoid piecemeal, potentially wasteful litigation. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This authority is routinely exercised to stay resolution of non-jurisdictional

motions pending the resolution of threshold motions challenging the court's subject-matter jurisdiction. *See, e.g., Latele Productions, Inc. v. Azteca International Corp.,* CASE NO. 16-CV-25347-MORENO/LOUIS, 2018 WL 11350654, at *2 (S.D. Fla. December 18, 2018) (staying proceedings pending resolution of threshold subject-matter jurisdiction challenges).

The logic of staying the ruling on the Motion to Transfer is straightforward. It prevents the Court from investing the time and authority to decide a motion it may have no power to decide. If this Court rules on the Motion to Transfer and then grants the Motion to Remand, the transfer ruling will have been either void for lack of jurisdiction or rendered immediately moot; and the Court will have expended judicial resources on a motion that produced nothing. There is no reason to rule on where this case should be litigated within the federal system before confirming that this case belongs in federal court at all.

The policy underlying 28 U.S.C. § 1447(c) reinforces this conclusion. Congress provided that a motion to remand for lack of subject-matter jurisdiction may be raised at any time before final judgment, reflecting the fundamental principle that defects in subject-matter jurisdiction are never waived. The corollary is that subject-matter jurisdiction is always the court's first obligation, not one interest to be balanced against venue convenience. Defendant's position that the court should decide where to litigate before deciding whether it has authority to direct the litigation somewhere else inverts this hierarchy. It would require the parties to fully litigate the merits of venue transfer in a court that, if Plaintiff is correct, has no power to grant the relief requested. That is precisely the kind of waste § 1447(c) was designed to prevent.

### III.   DEFENDANT LOSES NOTHING BY WAITING, BUT A PREMATURE TRANSFER RULING COULD FORCE THE PARTIES TO START OVER IN A NEW FORUM.

The balance of harms strongly favors a stay. If the Court transfers the case before resolving the issue of subject-matter jurisdiction, Plaintiff will be forced to file a new motion to remand in

the transferee district, re-briefing jurisdictional arguments that have already been presented in this Court. That is not a hypothetical inconvenience. It is a concrete, foreseeable sequence of delay and duplicative litigation that a simple procedural decision now would entirely prevent. Conversely, if the Court stays its ruling on the Motion to Transfer and then resolves the Motion to Remand, one of two things happens: remand is granted and the transfer motion is moot, or remand is denied and the Court proceeds to rule on a transfer motion soon thereafter. The only party exposed to real prejudice from the wrong ordering is Plaintiff, who may find himself moving to remand this case twice when once would have sufficed.

## CONCLUSION

Because a court without subject-matter jurisdiction cannot transfer a case under 28 U.S.C. § 1404(a), because judicial economy and the policy of § 1447(c) require that jurisdiction be resolved before venue, and because a stay causes no cognizable prejudice to Defendant and prevents harm to Plaintiff, Plaintiff respectfully requests that this Court enter an Order staying its ruling on Defendant's Motion to Transfer Venue (ECF No. 7) pending resolution of Plaintiff's Motion to Remand (ECF No. 11).

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve by agreement the issues raised in this motion and has been unable to do so.

Respectfully submitted,

/s/ J. Matthew Stephens
James Matthew Stephens (Florida Bar No. 0688649)
METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.
2201 Arlington Avenue South

Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
mstephens@mtattorneys.com

*Counsel for Plaintiff*

Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
**NEWHART LEGAL, P.A.**
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

*Additional counsel for Plaintiff*

I HEREBY CERTIFY that on March 19, 2026, I electronically filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/J. Matthew Stephens
J. Matthew Stephens, Esq.

## SERVICE LIST

All counsel of record.

7