**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No: 9:26-cv-80171-AMC

| | |
|---|---|
| JARRETT ROKER, on behalf of himself and others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JUPITER MEDICAL CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO JUPITER MEDICAL CENTER, INC.'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI <u>AND TO STAY PROCEEDINGS</u>**

1

**INTRODUCTION**

Plaintiff Jarrett Roker is a Florida resident who trusted Defendant Jupiter Medical Center, Inc., a Florida hospital, with his private, sensitive information. Jupiter failed to protect that information, and his data was compromised. Mr. Roker sued Jupiter in Florida state court on behalf of Florida residents. This case belongs here.

Jupiter asks this Court to transfer this case more than a thousand miles away to the United States District Court for the Western District of Missouri. ECF No. 7. Its theory is not that this is a Missouri case. It cannot be. Jupiter is a Florida citizen. Mr. Roker is a Florida citizen. The putative class is limited to Florida residents. The claims arise under Florida law and concern the alleged mishandling of Florida patients' private information. Jupiter's only hook to Missouri is that Cerner, its third-party vendor and a non-party here, is headquartered there and faces separate litigation there. That is not enough.

As the party seeking transfer, Jupiter had the burden under 28 U.S.C. § 1404(a) to prove two things. First, it had to show that Mr. Roker could have brought this action in the Western District of Missouri in the first place. Second, it had to show that the convenience and interest-of-justice factors strongly favor uprooting Mr. Roker from his chosen home forum. Jupiter does neither.

On the threshold requirement, Jupiter's motion devotes a single sentence to the question and offers no facts showing that the Western District of Missouri had subject matter jurisdiction, personal jurisdiction over Jupiter, or proper venue as to Mr. Roker's claims. On the convenience factors, Jupiter offers only a conclusory

appeal to judicial economy, while ignoring most of the factors driving that analysis.

Jupiter's motion fails at both steps. Jupiter has not shown that this action could have been brought in Missouri. And it has not come close to showing that convenience or justice requires stripping a Florida plaintiff of his chosen Florida forum to litigate against a Florida defendant in a distant state. The motion should be denied.[1]

## MEMORANDUM OF LAW

### I.  Legal standard and burden on transfer of venue under 28 U.S.C. § 1404(a).

Transfer of venue under 28 U.S.C. § 1404(a) is a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. Second, the Court must balance private and public factors to determine whether transfer is justified. *Miot v. Kechijian,* 830 F. Supp. 1460, 1465–66 (S.D. Fla. 1993); *Mason v. Smithkline Beecham Clinical Labs.,* 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). The burden rests entirely on the movant to satisfy each prong. *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989).

That is not a light burden. "Transfer can only be granted where the balance of convenience of the parties *strongly* favors the defendant." *Steifel Labs., Inc. v. Galderma Labs., Inc.,* 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008); *see Fruitstone v.*

---

[1] Jupiter also asks this Court for a stay of all deadlines. ECF No. 7 at 4. However, Mr. Roker has moved the Court to stay resolving this motion until it decides Mr. Roker's motion to remand. ECF No. 11. As argued in the motion to remand, a court without subject-matter jurisdiction cannot transfer a case under 28 U.S.C. § 1404(a); it can only remand. *Cepeda v. Redman*, No. 10-23392-CIV, 2011 WL 221637, at *1 (S.D. Fla. Jan. 21, 2011) ("If the Court lacks jurisdiction, it lacks power to transfer the case . . . ."). To decide venue transfer before resolving subject-matter jurisdiction would require the Court and the parties to expend substantial resources on a motion that, if remand is granted, is void from the start. That result would be a waste of judicial resources.

*Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1277 (S.D. Fla. 2020).

Courts assess the following factors under the second prong: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## II.     Jupiter has not satisfied the "might have been brought" prong.

On the first prong, the only question this Court must decide is whether Mr. Roker had the right to sue Jupiter in Missouri at the time of filing. The answer is no, on three independent grounds: (1) the Western District of Missouri lacked subject matter jurisdiction; (2) venue was improper there; and (3) Jupiter was not amenable to process issuing out of that court. *Miot*, 830 F. Supp. at 1465; *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). Jupiter had to demonstrate that Mr. Roker had the *right* to bring this action in the proposed transferee district at the moment of filing. *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001).

Tellingly, Jupiter devotes one sentence to this requirement—that Cerner is headquartered in Missouri and related cases are pending there. ECF No. 7 at 3. It never addresses subject matter jurisdiction. It never addresses personal jurisdiction over Jupiter in Missouri. And it never addresses whether venue is independently

4

proper as to Mr. Roker's claims against Jupiter. These failures require denial of the motion. *See HMD Am., Inc. v. Q1, LLC*, 23-21865-CIV, 2023 WL 5831727, at *2 (S.D. Fla. Sept. 7, 2023). And any attempt to cure this failure on reply should be rejected. *Riechmann v. Florida Dep't of Corr.*, 940 F.3d 559, 579 (11th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.")

### A. The Western District of Missouri had no subject matter jurisdiction.

Mr. Roker brings no federal claims, (ECF No. 1-1 ¶¶ 150–208), so federal question jurisdiction does not exist. 28 U.S.C. § 1331. Nor does diversity jurisdiction save Jupiter, Mr. Roker and Jupiter are both Florida citizens, (ECF No. 1-1 ¶¶ 18, 31; Notice of Removal at ¶ 12), so complete diversity is absent. 28 U.S.C. § 1332. CAFA jurisdiction fares no better. Minimal diversity under 28 U.S.C. § 1332(d) cannot be assumed into existence from a bare allegation, it must be established by fact. *See Buzzard v. La Playa Properties Group, Inc.*, 24-23823-CIV, 2025 WL 1865509, at *1 (S.D. Fla. Mar. 5, 2025) (rejecting CAFA jurisdiction based on bare allegation that at least one class member was a citizen of another state); *Calmes v. Boca W. Country Club, Inc.*, 9:17-CV-80574, 2017 WL 4621112, at *2 (S.D. Fla. Oct. 16, 2017) (same). Mr. Roker's complaint identifies no class member diverse from Jupiter, (see generally ECF No. 1-1), and Jupiter's motion supplies no facts to cure that deficiency. Thus, subject matter jurisdiction did not exist.

### B. The Western District of Missouri had no personal jurisdiction over Jupiter.

Due process requires that a defendant have sufficient minimum contacts with the forum such that the exercise of personal jurisdiction does not offend traditional

5

notions of fair play and substantial justice. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Personal jurisdiction takes two forms: general and specific. Jupiter satisfied neither.

General jurisdiction requires contacts so continuous and systematic that the defendant is essentially "at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For a corporation, that means its state of incorporation or principal place of business. Jupiter is incorporated in Florida and headquartered in Florida. ECF No. 1-1 ¶¶ 18, 31; Notice of Removal at ¶ 12. It is not at home in Missouri. General jurisdiction is absent.

Specific jurisdiction also does not exist. Specific jurisdiction exists only where the plaintiff's claims arise out of or relate to the defendant's contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Mr. Roker's claims arise from Jupiter's failure to protect his medical records. *See generally* ECF No. 1-1. Jupiter entrusted sensitive Florida patient data to a third-party vendor without adequate safeguards. *Id*. The alleged misconduct is Jupiter's, and it is rooted in Florida. The harm occurred in Florida. Mr. Roker is a Florida resident who received medical treatment in Florida from a Florida healthcare provider.

Jupiter's only hook is Cerner. But Cerner is not a defendant. Mr. Roker did not sue Cerner. He sued Jupiter. Jupiter's jurisdictional exposure is measured by Jupiter's contacts with Missouri, not Cerner's. A non-party's presence in the forum establishes nothing. Missouri had no personal jurisdiction over Jupiter at the time of

filing.

### C. Venue was improper in the Western District of Missouri.

Venue is proper in: (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events giving rise to the claim occurred; or (3) a district where any defendant is subject to personal jurisdiction, if there is no other district where the action may otherwise be brought. 28 U.S.C. § 1391(b).

A conclusory showing, one that supplies no actual facts, cannot carry that burden. *See HMD America, Inc.*, 2023 WL 5831727, at *2. Jupiter identifies no facts establishing that venue in Missouri is proper as to Mr. Roker's claims against Jupiter.

Jupiter does not reside in Missouri, it is a Florida corporation headquartered in Florida. Thus, the first prong fails.

The second prong fails just as plainly. The *Miot* court, confronting the same argument, held that venue was improper in North Carolina because the events underlying the action took place in Florida, not in the proposed transferee district. *Miot*, 830 F. Supp. at 1466. The same conclusion follows here. As explained above, Mr. Roker's claims arise from Jupiter's failure to protect his medical records, not from anything Cerner did in Missouri. That Cerner's systems, a non-party, may have been the point of unauthorized access does not relocate Jupiter's misconduct to Missouri.

And because this action could have been brought—and was brought—in the Southern District of Florida, the third prong's fallback never applies. *Miot*, 830 F. Supp. at 1466.

Because the Western District of Missouri lacked subject matter jurisdiction,

lacked personal jurisdiction over Jupiter, and was an improper venue, Mr. Roker could not have brought this action there at the time of filing. The first prong of § 1404(a) is not satisfied.

**III.   Even if Jupiter satisfied the first prong, which it did not, it has not satisfied the second prong.**

**A.   Jupiter's entire showing on the second prong is insufficient to overcome the substantial deference given to Mr. Roker's chosen forum.**

As the Eleventh Circuit has explained, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Robinson*, 74 F.3d at 260. This applies with even more force "where, as here, the plaintiff has elected to bring suit in the district in which he resides." *Mason*, 146 F. Supp. 2d at 1360–61.

Jupiter's entire second-prong argument is a string citation about judicial economy. ECF No. 7 at 4-5. It identifies no party witnesses or non-party witnesses. It identifies no documents. It says nothing about the convenience of the parties, the locus of operative facts, the availability of process, the relative means of the parties, or the weight accorded a plaintiff's choice of forum.

Judge Scola, in *HMD America, Inc. v. Q1, LLC*, called the movant's presentation "wholly inadequate" where it consisted of "essentially one wholly conclusory sentence" and supplied no actual facts showing the transferee forum was more convenient. *HMD America, Inc.*, 2023 WL 5831727, at *2. That's exactly what Jupiter has done here.

Thus, Jupiter "has not supplied any actual facts supporting its convenience

argument, leaving it unable to show, as it must, that the balance of convenience of the parties *strongly* favors the defendant." *HMD America, Inc.*, 2023 WL 5831727, at *2 (internal quotations omitted). And again, any attempt to cure this failure on reply should be rejected. *Riechmann*, 940 F.3d at 579 ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.")

### B. The other factors overwhelmingly favor Mr. Roker's chosen forum.

#### 1. Convenience of the witnesses and the availability of process to compel unwilling witnesses.

Jupiter has not identified a single witness whose convenience would be served by transfer. The party seeking transfer must clearly specify the key witnesses to be called and particularly state the significance of their testimony. *Mason*, 146 F. Supp. 2d at 1362. Jupiter has not identified a single witness, much less explained in detail why their convenience would be served by transfer. In contrast, Mr. Roker is a Florida resident. Where transfer merely shifts inconvenience from one party to another, the plaintiff's choice of forum should remain. *Mason*, 146 F. Supp. 2d at 1361 (quoting *Eye Care Intern., Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000)).

Nor has Jupiter identified witnesses, willing or unwilling to testify, located in Missouri. A movant cannot establish this factor without identifying specific non-party witnesses who would be unwilling to testify in Florida and demonstrating that compulsory process would be necessary. *See Fruitstone*, 464 F. Supp. 3d at 1282; *Mason*, 146 F. Supp. 2d at 1361–62. This factor does not favor transfer.

#### 2. Trial efficiency and interests of justice.

Jupiter's only argument on this factor—its only argument on any factor—is

that 42 related cases are consolidated in Missouri. That argument reduces to the observation that Cerner has litigation pending in Missouri. Cerner is not a defendant here. Jupiter is not a party to that consolidated proceeding. Transfer would not consolidate this case with those actions, it would simply relocate a Florida dispute to a court with no jurisdiction over Jupiter.

Florida, by contrast, has a direct and substantial interest in adjudicating claims brought by its residents against Florida corporations for the mishandling of Florida patients' medical records. That local interest weighs in favor of retaining the case here. *Tuuci Worldwide, LLC*, 2023 WL 5275187, at *13.

Moreover, the cases Jupiter cites do not support its argument. They undermine it. In *Morris v. Charles Schwab Corp.*, transfer was granted to California because Charles Schwab, the *defendant*, had substantial business operations there, was incorporated there, and regularly litigated there. *Morris v. Charles Schwab Corp.*, 2:24-CV-985-SPC-NPM, 2024 WL 5125516, at *2 (M.D. Fla. Dec. 16, 2024). The consolidated proceeding included the *same defendants* facing the *same claims*. The defendants were a party to the transferee litigation. Jupiter is not a party to the Missouri consolidated proceeding. It is not Cerner. The analogy fails at its foundation.

In *Commotion Investments, LLC v. Mitchell Co.*, transfer to Alabama was granted because the dispute involved an Alabama limited partnership with "extensive Alabama connections," the same general parties were already litigating in Alabama, and critically, "Pensacola and Mobile are only about sixty miles apart." *Commotion Investments, LLC v. Mitchell Co., Inc*, 3:07CV181/RV/EMT, 2007 WL

9734956, at *1 (N.D. Fla. Oct. 29, 2007). The court specifically found that the inconvenience to the plaintiff was "relatively minor" given the geographic proximity. In contrast, Jupiter asks this Court to send a Florida plaintiff to litigate in Missouri, over a thousand miles away, against a Florida defendant that has identified no Missouri presence. That is not analogous to *Commotion Investments*, it is the opposite of it.

And in *Coring Co. v. Apple Inc.*, transfer to California was granted because Apple was headquartered there, had thousands of California employees, designed its products there, made its policy decisions there, and had already litigated and obtained dismissal of substantially identical claims in that district. *Coring Co. v. Apple Inc.*, 21-82235-CIV, 2022 WL 22762009, at *3 (S.D. Fla. Feb. 18, 2022). The defendant had deep, documented roots in the transferee forum. Jupiter has identified none in Missouri.

Assessed as a whole, this factor does not support transfer.

### 3. Convenience of the parties.

Mr. Roker lives in Florida. Jupiter is headquartered in Florida. Both parties are residents here. Stripping Mr. Roker of his chosen forum would impose precisely the kind of disproportionate burden on an individual plaintiff that courts in this district have consistently found weighs against transfer. *Fruitstone*, 464 F. Supp. 3d at 1281 ("Where a transfer merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain.") (citing *Mason*, 146 F. Supp. 2d at 1361)).

### 4. Location of relevant documents and sources of proof.

Jupiter has identified no documents located in Missouri that would be

burdensome to attain. In any event, in the modern era of electronic discovery, there is no burden if transfer is denied. *Mason*, 146 F. Supp. 2d at 1363–64. This factor does not favor transfer.

### 5. Relative means of the parties.

Mr. Roker is an individual consumer plaintiff. Jupiter is a hospital system with institutional resources. ECF No. 1-1 ¶ 36. Forcing Mr. Roker to litigate a Florida dispute in Missouri would impose a disproportionate burden on the party with fewer means. Courts in this district hold that this factor weighs against transfer where an individual faces a well-resourced corporate defendant. *Fruitstone*, 464 F. Supp. 3d at 1283 (finding factor did not favor corporate defendant where plaintiff was an individual); *Legg v. Quicken Loans, Inc.*, 14-61116-CIV, 2015 WL 13753742, at *3 (S.D. Fla. Mar. 6, 2015) (relative means of the parties "strongly weighs in favor of [plaintiff]. He is an individual, living and working in Florida, whereas Quicken Loans is 'the nation's largest online banker' with a strong national presence"). This factor favors Mr. Roker.

### 6. Forum's familiarity with governing law.

Mr. Roker asserts claims under Florida law, negligence, negligence per se, breach of implied contract, invasion of privacy, and unjust enrichment. This Court applies Florida law every day. A Missouri court does not. Jupiter offers no argument on this factor. While federal courts are capable of applying the law of other states, there is no reason to ask a Missouri court to apply Florida law when this Court sits in Florida. This factor favors retaining the case.

## CONCLUSION

Jupiter's motion fails at both steps of the § 1404(a) analysis. The balance of convenience does not strongly favor Jupiter, it does not favor Jupiter at all. Mr. Roker's choice of forum should stand, and the motion to transfer should be denied.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiff requests a hearing on the merits of this motion. A hearing is desired and would be helpful to the Court because of the importance of the jurisdictional issues in the motion. The time required for argument is estimated to be approximately (1) hour.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

J. Matthew Stephens
Florida Bar No. 0688649
METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Email: mstephens@mtattorneys.com

Attorneys for Plaintiff and the
Putative Class

I HEREBY CERTIFY that on March 19, 2026, I electronically filed the

foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Darren R. Newhart
Darren R. Newhart, Esq.

## SERVICE LIST

All counsel of record.