**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80171-CIV-CANNON/Matthewman**

**JARRETT ROKER,** *on behalf of himself*
*and others similarly situated*,

      Plaintiff,

v.

**JUPITER MEDICAL CENTER, INC.,**

      Defendant.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND TRANSFERRING CASE**

      **THIS CAUSE** comes before the Court upon Chief Magistrate Judge Matthewman's

Report and Recommendation ("Report") [ECF No. 31] on three pending Motions: (1) Defendant's

Motion to Transfer Venue [ECF No. 7]; (2) Plaintiff's Motion to Remand [ECF No. 11]; and

(3) Plaintiff's Motion to Stay Ruling on Defendant's Motion to Transfer Venue Pending

Resolution of Plaintiff's Motion to Remand [ECF No. 14].  The Report recommends granting

Plaintiff's Motion to Stay [ECF No. 14], denying Plaintiff's Motion to Remand [ECF No. 11], and

granting Defendant's Motion to Transfer Venue [ECF No. 7].  Plaintiff filed Objections to the

Report, specifically focused on the Report's conclusion that Putative Class Member 3 ("PCM 3")

is more likely than not a Florida resident who falls within Plaintiff's proposed class, thus satisfying

the only contested aspect of jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

§ 1332(d).

      Upon review of the Report [ECF No. 31], Plaintiff's Objections [ECF No. 33], and

Defendant's Response to Plaintiff's Objections [ECF No. 34], and being fully advised in the

premises, the Court agrees with the Report that Defendant has proven by a preponderance that PCM 3 is a citizen of New Jersey who resided in Florida at the time of removal, thereby neutralizing Plaintiff's sole objection to the Court's exercise of CAFA jurisdiction.  There being no additional objections to the Report, and there being no clear error of fact or law in the balance of the Report, the Court accepts the well-reasoned Report as to all three Motions.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a Florida citizen, sued Defendant, also a Florida citizen, in state court over a data breach of Defendant's records vendor, Cerner Corporation, on behalf of "[a]ll present and former patients of Defendant who reside in Florida" [ECF No. 1-1 ¶ 139].  Defendant thereafter removed the action to this Court under CAFA, contending that (1) Plaintiff's proposed class involves 100 or more class members; (2) minimal diversity exists in this action because at least one member of the proposed class are in-fact non-Florida citizens; and (3) the amount in controversy exceeds the sum of $5,000,000 [ECF No. 1].

Following removal, Plaintiff moved to remand this case back to Florida state court, arguing that the geographic scope of the putative class—individuals who "reside in Florida" [ECF No. 1-1 ¶ 139]—means that none of the proposed class members (Florida residents) is diverse from Defendant (a Florida corporation), thus destroying Defendant's claim of minimal diversity [ECF No. 11].  When Defendant subsequently produced evidence that at least three class members are citizens of states other than Florida (despite their Florida residence) [ECF No. 17], Plaintiff flipped the script—arguing instead that the citizens who might establish minimal diversity could not at the same time be members of Plaintiff's Florida-resident class due to their non-Florida domicile [ECF No. 20].

The Court referred Plaintiff's Motion to Remand to Magistrate Judge Matthewman, along with Defendant's Motion to Transfer Venue and Plaintiff's Motion to Stay [ECF Nos. 7, 14, 22]. The Report followed thereafter [ECF No. 31], concluding as a matter of CAFA jurisdiction that at least one of the non-citizen putative class members, PCM 3, is a Florida resident [ECF No. 31 pp. 10–11]. *See* 28 U.S.C. § 1332(d)(2)(A). Plaintiff takes issue with that determination, arguing that the two facts on which the Report relies to reach that finding—that PCM 3 owns a home in Florida and that PCM 3 changed his/her forwarding address to an address in Florida—are insufficient to establish that PCM 3 is more likely than not a Florida resident. Plaintiff does not otherwise contest the remaining conclusions reached in the Report, i.e., that PCM 3 is a citizen of New Jersey; or that part-time residence, if shown, suffices for membership in the putative class; or that Defendant's request to transfer this action to the Western District of Missouri lacks merit [ECF No. 33].

The Report is ripe for adjudication [ECF Nos. 31, 33, 34].

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

**DISCUSSION**

Plaintiff objects to the Report's conclusion that PCM 3 resided in Florida at the time of removal.  The reason this matters is it that CAFA requires one "member of a class of Plaintiffs" to be a "citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  To better explain, since Plaintiff's proposed class includes "[a]ll present and former patients of Defendant who reside in Florida" [ECF No. 1-1 ¶ 139], the only way Defendants can establish CAFA jurisdiction is by pointing to a member of the Plaintiff-class who is not a Florida citizen (to establish minimal diversity), but who is also a Florida resident (such that he/she is a "member of [the] class" under CAFA), 28 U.S.C. § 1332(d)(2)(A).

In analyzing this issue, the Report concludes that PCM 3 was more likely than not a Florida resident at the time of removal, basing that conclusion on two facts supported by supported by sworn declaratoins: (1) PCM 3 owns residential property in Palm Beach County with no homestead exemption [ECF No. 17-2 ¶ 10(b)]; and (2) when Defendant conducted a National Change of Address ("NCOA") search (to ensure that patients received notice of the data breach at an updated mailing address, if one was available), the NCOA search turned up a Florida address for PCM 3 [ECF No. 31 pp. 10–11; *see* ECF No. 17-1 (Sworn Declaration of Kevin Olson attesting that "Notice of the Cerner Incident was sent to Putative Class Member 3 at a Florida address given the NCOA update"); ECF No. 17-2 p. 7 (Sworn Declaration of Yameel Mercado)].  Plaintiff objects, saying those two facts do not establish PCM 3's Florida residency.  But Plaintiff does not offer any factual basis to reject those subsidiary determinations; instead, she merely urges the Court to reach a different conclusion on the basis of the same facts, insisting that because PCM 3 maintained a New Jersey residential address, a current New Jersey driver's license, and a New Jersey voter registration, Defendant did not provide enough evidence to prove by a preponderance that PCM 3

4

was a Florida resident at the time of removal [ECF No. 33 pp. 7–10].

Following *de novo* review of the contested jurisdictional question, the Court agrees with the Report that Defendant adequately established the requirements of CAFA jurisdiction by establishing by a preponderance that PCM 3 was a Florida resident at the time of removal. As Magistrate Judge Matthewman concludes, the NCOA address change is "particularly convincing" when combined with the fact that PCM 3 owns residential property in Palm Beach County without a homestead exemption [ECF No. 31 p. 10]. That is because "[a]n updated [Florida] address in the NCOA database is probative of the fact that a person submitted a change-of-address to the United States Postal Service and carries meaningful probative value as to where a person resides" [ECF No. 34 pp. 10–11 (citing *Bellito v. Snipes*, 935 F.3d 1192, 1205 (11th Cir. 2019) (noting that the NCOA "requires a general program of list maintenance that makes a 'reasonable effort' to remove voters who become ineligible because of change of residence or death . . . . [A]t a minimum, [NCOA] constitutes a reasonable effort at identifying voters who have changed their addresses.")]. In addition, it is undisputed that PCM 3 is or was a patient of Defendant—a Florida healthcare entity [ECF No. 17-1 ¶¶ 6, 8, 11]. While recognizing that Defendant "treats travelers, fulltime Florida residents, and patients who reside in Florida only part time while maintaining their permanent residence in other states" [ECF No. 17-1 ¶ 6], the fact that PCM 3 received healthcare in Florida provides additional evidence that he or she planned to stick around in the state for some time in lieu of receiving treatment in different state, such as New Jersey [*see* ECF No. 34 p. 10].[1]

---

[1] As a final matter, Plaintiff asks the Court, for the first time in his Objections to the Report [ECF No. 33], to compel Defendant's records for PCM 3, seeking "limited production, under seal or in camera, of the NCOA output, the notice-list entry, the prior and updated addresses, the effective date, and any record matching the mailing address to the owned property" [ECF No. 33 p. 11]. Plaintiff never made this request in its briefing on the Motion, so the Court need not address it. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the

CASE NO. 26-80171-CIV-CANNON/Matthewman

For these reasons, the preponderance of the evidence establishes that PCM 3 was a resident of Florida at the time of removal.  That is sufficient to resolve Plaintiff's sole objection to the exercise of CAFA jurisdiction.  And there being no clear error in the balance of the Report, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation [ECF No. 31] is **ACCEPTED**.

2.  Plaintiff's Objections [ECF No. 33] and Request for Hearing are **OVERRULED**.

3.  Plaintiff's Motion to Stay Ruling on Defendant's Motion to Transfer Pending Resolution of Plaintiff's Motion to Remand [ECF No. 14] is **GRANTED**.

4.  Plaintiff's Motion to Remand [ECF No. 11] is **DENIED**.

5.  Defendant's Motion to Transfer Venue [ECF No. 7] is **GRANTED**.

6.  The Clerk shall **TRANSFER** this case to the Western District of Missouri under 28 U.S.C. § 1404(a) and **CLOSE** it in this district.

**ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of July 2026.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

magistrate judge.").  In any event, the Report was well within its discretion to rely on the information supplied by Defendant as reported in sworn declarations unrebutted by Plaintiff [ECF Nos. 17-1, 17-2].  That information is sufficient to meet the preponderance of the evidence standard without demanding a higher level of proof.

6